No. 814
PESKIND et v. STATE

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 6266.   Decided Feb. 8. 1926

Allread and Ferneding, JJ., 2nd Dist., and Warden, J., 3rd Dist., stiting.

225.   CHARGE TO JURY—Where intent to deceive is an essential element of a crime and the court in its charge states that the circumstances of the case render defendant's testimony, that they had no intention of deceiving, of no avail, this charge is reversible error, for such testimony is direct evidence, is competent and should be considered by the jury.

ALLREAD, J.

Solomon Peskind, Benjamin Karp and M. A. Vinson were indicted under 13175 GC. for making and publishing a false prospectus, report and statement of the property and assets of the Municipal Savings & Loan Co. The other defendants were acquitted but Peskind, Karp and Vinson were convicted.

Four specifications in the indictment were submitted to the jury upon which to base a conviction.   The Cuyahoga Common Pleas in its general charges said in part; "The fact that defendants by their plea of not guilty, or their evidence, may now claim or state that they didn't intend to deceive anyone, will not prevail against what would be the ordinary, usual or necessary result of their acts. Wrongful acts, knowingly and intentionally committed can neither be justified or excused on the ground that the defendants now state that they didn't intend to deceive as to the value of the stock or property of the Municipal Savings & Loan Co."

Error was prosecuted from the convictions and the Court of Appeals held:

1.   The substance and effect of this charge was to declare as a matter of law that the personal testimony of the defendants as to their intention, was of no avail as against the circumstances of the case.

2.   The false statement although knowingly made, does not complete the crime; the intent to deceive was an essential element and expressly so provided by statute.

3.   Although circumstantial evidence is often the only evidence the state can offer, it is clear that a defendant may testify as to his own intent, it being the operation of his mind, and his testimony would be direct evidence.

4.   The court had no right to weigh circumstances against the defendant's direct evidence; and to charge the jury as a matter of law that circumstantial evidence is convincing and that defendant's testimony as to intent is of no avail.

5.   The giving of this charge was fundamental and substantial error; defendant's testimony as to intent being competent and entitled to consideration by the jury.

Judgment of conviction therefore reversed and cause remanded.

Attorneys—Boyd, Cannon, Brooks & Wickham; Moore, Mahon, Miller & Moore and James L. Lind, Cleveland, for Peskind et; C. C. Crabbe, Atty. General and Joseph I. Eagleson, Columbus and Charles Higley and David E. Green, Cleveland, for State.